PER CURIAM.
The Florida Commission on Human Relations challenges an order of the Division of Administrative Hearings (DOAH) which holds Florida Administrative Code Rules 60Y-2.004(2)(e) and 60Y-5.004 constitute invalid exercises of delegated legislative authority and expressly contravene the requirements of Chapter 760, Florida Statutes. We reverse because the Commission did not exceed its delegated authority by enacting the challenged rules.
The Florida Commission on Human Relations is established by section 760.03, Florida Statutes (1993), and is charged with the administration of the Florida Civil Rights Act of 1992. A complaint of discrimination was filed with the Commission naming appellee Parrish Management, Inc. as the respondent-employer. After an investigation on the merits, the Executive Director of the Commission issued an investigatory determination of reasonable cause to believe that an unlawful employment practice had occurred.
In June 1995, Parrish Management filed a rule challenge proceeding on Rules 60Y-2.004(2) (e) and 60Y-5.004, Florida Administrative Code. Rule 60Y-2.004(2)(e) provides:
60Y-2.004 General Description of Organization and functions of Commission Staff
******
(2) The Executive Director is the chief administrative officer of the Commission and is responsible for implementing policy of the Commission. The Executive Director is appointed by the Commission and may be removed by the Commission for cause. The Executive Director has the following duties:
******
*160 (e) make determinations as provided by Rule 60Y-5.004
Rule 60Y-5.004 provides in pertinent part: 60Y-5.004 Executive Director’s Investigatory Determination; Notice.
* ⅝ * * ⅜ *
(1) Upon completion of an investigation, if a complaint has not been settled or withdrawn, the Office of Employment Investigations shall report the investigation, with recommendation, to the Office of General Counsel. The Office of General Counsel shall review the report and shall make a recommendation to the Executive Director as to whether there is reasonable cause to believe that an unlawful employment practice has occurred.
(2) If the recommendation is based upon lack of jurisdiction over the respondent or subject matter of the complaint or upon untimely filing of the complaint, the Executive Director may dismiss the complaint pursuant to Subsection 60-5.006(3) or (11), provided that the investigation does not reveal any disputed issues of material fact. The Executive Director shall issue a determination on the foregoing bases of lack of jurisdiction or untimeliness where disputed issues of material fact appear to exist.
(3) After a determination has been made by the Executive Director, the Clerk shall serve a Notice of Determination, with copies of the determination, upon the complainant and the respondent.
Parrish Management argued, and DOAH found, that an investigatory determination of no reasonable cause impacts a complainant’s substantive right to pursue a judicial remedy pursuant to section 760.11(4), Florida Statutes (1993).[1] DOAH further found that the Commission may not delegate substantive powers vested specifically with the agency head to the executive director. DOAH reasoned that because section 760.06, which sets forth the powers of the Commission, expressly allows delegation by the Commission to a commissioner or the executive director of authority to issue subpoenas and administer oaths, the Commission is limited to that delegation and may not delegate its other powers and duties to the executive director.
Section 760.03, which creates the “Florida Commission on Human Relations”, provides that “[t]he commission shall appoint, and may remove, an executive director who, with the consent of the commission, may employ a deputy, attorneys, investigators, clerks, and such other personnel as may be necessary adequately to perform the functions of the commission within budgetary limitations.” § 760.03(7), Fla. Stat. Clearly the legislative intent is to allow the Commission to delegate to the executive director the authority necessary to adequately “perform the functions of the commission.” Appellee contends that section 760.06(6) restricts the delegation of the Commission’s power to those activities specifically mentioned; however, when read in pari materia with section 760.03(7), that section cannot be so limited. If the term “commission” as used in the statute is restricted solely to the panel of commissioners and involved functions which the commissioners could not delegate, there would be no need for a staff.
By statute, “the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992.” § 760.11(3), Fla. Stat. The same statute also provides, however, that the commission shall clearly stamp on the face of the complaint the date the complaint was filed with the commission; shall within 5 days of the complaint being filed, send a copy of the complaint to the person who allegedly committed the violation; shall investigate the allegations in the complaint; and shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section. *161 § 760.11, Fla. Stat. The term “Commission” cannot be reasonably limited to signify only the panel of commissioners acting collegially.
REVERSED.
BARFIELD, C.J. and KAHN, J., concur;
DAVIS, J., dissents w/ written opinion

. Section 760.11(4) provides:
In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
(a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction or
(b) Request an administrative hearing under s. 120.57.